UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO.  8:24-cr-486-VMC-NHA
                                                      18 U.S.C. § 1951(a)
JUSTIN ALAN SEYMOUR                                   (Hobbs Act Robbery)
                                                      18 U.S.C. § 924(c)
                                                      (Possession of a Firearm in
                                                      Furtherance of a Violent Crime)
                                                      18 U.S.C. § 922(g)
                                                      (Possession of a Firearm by a
                                                      Convicted Felon)

**SUPERSEDING INDICTMENT**

The Grand Jury charges:

**INTRODUCTION**

JAN 7 2025 PM1:58
FILED - USDC - FLMD - TPA

At all times material to this Indictment, the following business, located in the

Middle District of Florida: Domino's Pizza at 7104 E. Fowler Avenue, Tampa,

Florida, was an entity that operated in and affected interstate commerce.

**COUNT ONE**
**(Hobbs Act Robbery)**

On or about October 21, 2024, in the Middle District of Florida, and

elsewhere, the defendant,

JUSTIN ALAN SEYMOUR,

did knowingly, in any way and degree, obstruct, delay, and affect commerce as that

term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any article and

commodity in such commerce, by robbery, as that term is defined in 18 U.S.C. §

1951(b)(1), that is, by knowingly and unlawfully taking and obtaining personal property consisting of United States currency from the person and in the presence of another, that is, an employee of the Domino's Pizza, located at 7104 E. Fowler Avenue, Tampa, Florida, against the employee's will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person and to the person of anyone in the employee's company at the time of the taking and obtaining.

All in violation of 18 U.S.C. § 1951(a) and (b) and 18 U.S.C. § 2.

## COUNT TWO
### (Possession of a Firearm in Furtherance of a Violent Crime)

On or about October 21, 2024, in the Middle District of Florida, the defendant,

JUSTIN ALAN SEYMOUR,

did knowingly use and carry and brandish a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a Court of the United States, specifically, interference with commerce by robbery in violation of 18 U.S.C. § 1951, as alleged in Count One above; Count One being incorporated by reference.

In violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2.

## COUNT THREE
### (Possession of a Firearm by a Convicted Felon)

On or about October 23, 2024, in the Middle District of Florida, the defendant,

2

JUSTIN ALAN SEYMOUR,

knowing that he had been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including the following offense;

Robbery with a Firearm or Deadly Weapon (Attempt) on October 21, 2019; did knowingly possess, in and affecting interstate commerce, a firearm and ammunition, to wit: a Kel-Tec, P40, .40 caliber firearm with serial number 74511, and .40 caliber Smith and Wesson ammunition.

All in violation of 18 U.S.C. §§ 922(g) and 924(a)(8).

## FORFEITURE

1.    The allegations contained in Counts One through Three are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d), 981(a)(1)(C), and  28 U.S.C. § 2461(c).

2.    Upon conviction of a violation of 18 U.S.C. § 1951, the defendant, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation, and, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearm or ammunition involved in or used in the offense.

3.    Upon conviction of a violation of 18 U.S.C. § 922(g), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms involved in or used in the violation.

3

4

4.      The property to be forfeited includes, but is not limited a a Kel-Tec, P40, .40 caliber firearm with serial number 74511, and .40 caliber Smith and Wesson ammunition.

5.      If any of the property described above, as a result of any acts or omissions of the defendant:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property, which cannot be divided without difficulty.

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
Samantha J. Newman
Assistant United States Attorney

By: _____
James C. Preston, Jr.
Assistant United States Attorney
Chief, Violent Crimes and Racketeering
Section

5

FORM OBD-34

January 25

No. 8:24-cr-486-VMC-NHA

UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

JUSTIN ALAN SEYMOUR

SUPERSEDING INDICTMENT

Violations: 18 U.S.C. § 1951(a), 18 U.S.C. § 924(c), 18 U.S.C. § 922(g)

A true bill,

_____
Foreperson

Filed in open court this 7th day

of January 2025.

_____
Clerk    **ASHLEY SANDERS**

Bail $_____

GPO 863 525